IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Thomas Starnes, ) | Case No.: 1:23-cv-371-JD-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Donnie Stonebreaker, Warden Evans ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 21.) Petitioner Willie Thomas Starnes ("Petitioner" or "Starnes"), proceeding *pro se*, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 against Respondent Donnie Stonebreaker, Warden Evans Correctional Institution (collectively "Respondents"). Petitioner raised four habeas grounds for relief.

> Ground One: The Lower state Court(s) abused its discretion to allow the solicitor to subsequently have witnesses to modify [statements] . . . . During the Jackson v. Denno[,] 378 U.S. 368 (1964] hearing,[] trial counsel object[ed] to the state['s] intent to introduce two statements [taken] from Mr. William Lloyd Pate and Mrs. Martha Pate on August 12, 2014, eleven days before trial. These statements were not the Pate's "own statements" but statements made by the victim after the incident that led to the charges against Petitioner . . . .
>
> Ground Two: Did the PCR court err[] when Petitioner and his wife were not informed of a protected [marital] privilege as provided by S.C. . . . . Petitioner testified at the [PCR] evidentiary hearing that trial counsel should have informed him and his wife of t[he spousal] privilege . . . .

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

>Ground Three: Did the PCR Court err[ in] find[ing] trial counsel['s] failure to preserve for appellate review an objection to the issue concerning the sleeping juror, when trial by jury is a substantive constitutional right . . . . The PCR Court's findings of facts and conclusions of law is not correctly supported by the record. In fact, Petitioner's case is similar to State v. Hurd, 325 S.C. 384, 480 S.E.2d 94 (1966), where the judge erred in failing to replace a juror who slept during portion—if not the entire jury charge . . . .
>
>Ground Four: Did the prosecutor's "foul blow" in its opening statements to the jury [have] a prejudicial impact on Petitioner's substantial right pursuant to Berger v. United States as to deprive him of a fair trial?

(DE 1, at 9, 22-23, 43.)

On May 30, 2023, Respondent moved for summary judgment (DE 14, DE 15), arguing that "the Petitioner has failed to present to this Court any grounds that reveal that he is entitled [to] habeas relief." (DE 14, p. 23.) Under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 16.) Petitioner filed a response in opposition on June 21, 2023. (DE 18). The Report was issued on July 14, 2023, recommending granting Respondents' Motion for Summary Judgment. (DE 14, DE 15.) Petitioner has objected to the Report (DE 23), and he has moved for a More Definite Statement (DE 19) and a Hearing in Person or Appointment of Counsel (DE 20).

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. However, as a brief background relating to the objections raised by Petitioner, the Court provides this brief procedural summary.

On August 20, 2014, Petitioner was indicted by the Kershaw County Grand Jury for murder (2013-GS-28-1041) and armed robbery (2013-GS-28-1040). (DE 14-5, p. 1009–12.) Because of a prior conviction for assault and battery with intent to kill, Petitioner was served notice of the Solicitor's intent to seek a life sentence without the possibility of parole. (See, e.g., DE 14-2, pp.

2

757–58), see also S.C. Code Ann. §17-25-45 (a person convicted of assault and battery with intent to kill, categorized as a "most serious offense," "must be sentenced to a term of imprisonment for life without the possibility of parole" or LWOP.).

The case was called for trial on August 25, 2014, before the Honorable DeAndrea G. Benjamin, then-Circuit Court Judge. (DE 14-1, p. 1.) Assistant Public Defender Jason D. Kirincich ("Kirincich") of the Fifth Circuit Public Defender's office represented Petitioner. Deputy Solicitor Brett A. Perry ("Perry") and Assistant Solicitors Curtis A. Pauling and Curtis R. Hutchinson of the Fifth Circuit Solicitors Office represented South Carolina. (Id.)

At trial, evidence was presented that on August 24, 2013, Alan Robinson ("Robinson") was traveling by moped on Freeman Road, a dirt road in Bethune, South Carolina. Petitioner struck the victim with his SUV, knocking him off the moped. While Robinson was struggling on the side of the road, Petitioner took his moped and placed it in the back of the SUV. Petitioner then made a U-turn, running over Robinson and leaving him on the side of the road. (DE 14-1, p. 209:16-19.) Robinson was discovered by family members William and Martha Pate ("the Pates") and spoke with them. Robinson died the next day of his injuries.

On August 28, 2014, a jury found Petitioner guilty of murder and armed robbery. (DE 14-2, p. 752.) Due to his prior conviction, Petitioner was sentenced to LWOP for both offenses. (Id. at 766.) The trial court ordered the sentences to be served concurrently. (Id.) On September 9, 2014, Petitioner filed a motion for a new trial. (DE 14-3 at 825–26.) Petitioner argued he was never given notice before his previous most serious offense that another conviction would guarantee LWOP. (Id. at 825, 829.) Petitioner further argued that the decision to allow Robinson's statements to his family into evidence as a dying declaration or excited utterance was an error. (Id. at 825.)

On December 4, 2014, the trial judge held a hearing on the motion. (Id. at 827.) Kirincich represented Petitioner, and Perry represented South Carolina. (Id.) After the hearing, the trial court decided that although there might not have been any notice at the prior conviction, because murder carries a life sentence even without any previous convictions, the trial court's sentence was not erroneous. (Id. at 835.) The trial court also ruled that the victim's statements came into evidence through an excited utterance, and a proper foundation had been laid to establish the statements as a dying declaration such that the victim's statements were exceptions to the hearsay rule. (Id. at 835–36.)

On December 5, 2014, the trial court issued an order denying Petitioner's motion for a new trial. It noted that his counsel conceded that no favorable case law supported his position on LWOP. (Id. at 838; see also id. at 830.) Petitioner filed a notice of appeal challenging whether the trial court erred in admitting the alleged hearsay statements from Robinson under the excited utterance or dying declaration exception to the hearsay rule. (DE 14-3, p. 842.) The South Carolina Court of Appeals issued an opinion filed on December 21, 2016, unanimously affirming the trial court's decision. (DE 14-4, pp. 882–83.) The remittitur was sent to the Kershaw County Clerk of Court on January 10, 2017. (DE 14-6, p. 6.)

On January 24, 2017, Petitioner applied for post-conviction relief ("PCR"), arguing he was entitled to relief based on 1) ineffective assistance of counsel, 2) ineffective assistance of appellate counsel, and 3) the denial of the due process of law. (DE 14-4, pp. 884–902.) Respondent filed a return on July 21, 2017.[2] (Id. at 903–909.)

---

[2] Petitioner amended his PCR application on May 29, 2019, raising these claims: (a) Trial counsel failed to interview Patricia Starnes prior to trial and inform her of her right to assert spousal privilege. (b) Trial counsel should have objected when the Solicitor informed the jury that the empty chair at the prosecution's table was for the deceased victim. (c) Trial counsel failed to share and disclose to Applicant new witness statements from William Pate and Martha Pate received immediately prior to trial. (d) Trial counsel failed to object when the Court failed to advise Patricia Starnes of her right to choose not to testify.

4

On June 18, 2019, the Honorable Diane Goodstein, Circuit Court Judge ("PCR Judge"), held a hearing on Petitioner's application for PCR ("PCR hearing"). (DE 14-4, p. 910.) Assistant Attorney General Kristy Goldberg of the Office of the Attorney General appeared for the State of South Carolina, and attorney Peggy McAllister appeared on behalf of Petitioner. (Id.) Petitioner, his wife Patricia Starnes, and his trial attorney Kirincich testified at the PCR hearing. (Id. at 911.) After that, on January 17, 2020, PCR Judge issued an order of dismissal, in which she determined Petitioner had established no constitutional violations or deprivations that would require the court to grant relief. (Id. at 983–1007.) The PCR application was dismissed with prejudice. (Id. at 1007.)

On January 28, 2020, Petitioner's PCR counsel filed an initial notice of appeal before the South Carolina Supreme Court. (DE 14-6, p. 1.) On January 27, 2021, Petitioner's appellant counsel filed a Johnson petition for writ of certiorari (effectively conceding the appeal lacks a meritorious claim).[3] (DE 14-8.) On March 16, 2021, the South Carolina Supreme Court issued an order transferring this case to the Court of Appeals. (DE 14-10.) On October 5, 2022, the Court

---

(e) Trial counsel failed to consult an expert medical professional and obtain a second opinion regarding the victim's injuries. (f) Trial counsel failed to request a mistrial or request to remove a sleeping juror with an alternate juror when a juror was caught sleeping during trial. (g) Trial counsel failed to properly communicate with the Applicant and prepare him for trial including preparing him to testify in trial. (h) Trial counsel failed to effectively assist the Applicant in plea negotiations. (See DE 14-4, p. 990.) Petitioner later withdrew allegation (e). (Id.)

[3] On March 11, 2021, Petitioner responded, presenting these issues: 1. Whether the lower court erred when it found no violation for Petitioner's Counsel to not inform Petitioner's wife of her right to assert spousal privilege? 2. Whether the lower court erred when it failed to find it reversible error for the Solicitor to inform the jury that the empty chair at the prosecution table was for the deceased? 3. Whether the lower court erred when it failed to rule it a violation of Petitioner's rights for trial counsel to fail to share and disclose to Petitioner new witness statements from William Pate and Marth Pate received immediately prior to trial? 4. Whether the lower court erred by not ruling it was not error for trial counsel to not request a mistrial or request to be removed a sleeping juror with an alternate juror when juror was caught [sleeping] during trial? 5. Whether the lower court erred by ruling trial counsel properly prepared Petitioner by effectively communicating and explaining the trial and testifying  6. Whether the lower court erred by ruling counsel effectively assisted Petitioner in plea negotiations? (DE 14-9.)

of Appeals denied certiorari and granted counsel's withdrawal request. (DE 14-11.) On October 21, 2022, the Court of Appeals sent the remittitur to the Kershaw County Clerk Court's office. (DE 14-12.) This remittitur was filed on October 25, 2022. (Id.)

## DISCUSSION

Even though Petitioner has objected to the Report (DE 23), to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner raises three objections. First, Petitioner objects to the factual background in the Report indicating the state "used a prior conviction of assault and battery with intent to kill" as its basis for seeking LWOP. (DE 23, p. 1.) Next, Petitioner objects to admitting that he ran over the victim twice but that he "did a u turn and hit a bump on the way back that caused [him] to accidentally hit [victim] again." (Id.) Lastly, Petitioner objects to the handling of the sleeping juror. (Id. at 3.) To begin with, the Report ably and comprehensively identifies the standard this

court applies for a habeas petition. Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication,

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 101–02 (2011) (internal citation omitted). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

That said, Petitioner's objections fail to meet this standard. For instance, Petitioner objected to his LWOP sentence, even though the trial court held because murder carries a life sentence even without any previous convictions, the sentence of the court was not erroneous. The trial court also noted that Petitioner's counsel conceded that no favorable case law supported his position on LWOP. Petitioner also objects to any finding that he ran over the victim twice. But the record shows William L. Pate testified that the victim told him Petitioner hit him twice and that the trial court allowed the testimony under the excited utterance exception to the Hearsay rule.

7

(DE 14-1, pp. 207:1-9; 209:16-19.)   That said, the evidence supports the Report's factual background.  Finally, as to the sleeping juror, the Report ably addresses the PCR Judge's ruling:

> . . . the Court finds [Petitioner] has failed to prove either deficiency or prejudice as to Counsel's handling of the "sleeping juror" situation. Counsel brought the matter to the trial Court's attention, the juror informed the court she was not feeling well but could continue to serve, and the trial court monitored the juror closely for the remainder of the trial and did not see her actually sleeping. Thus, Counsel did not have a basis to make either a motion for a mistrial or a motion to have the juror removed. Further, [Petitioner] did not present testimony from the juror in question or any other juror to show how the alleged sleeping had any effect on the outcome of his case. Therefore, this Court also finds [Petitioner] has failed to prove he was prejudiced by Counsel's handling of the situation. See State v. Smith, 338 S.C. 66 (Ct. App. 1999) (finding the trial judge did not abuse his discretion in refusing to dismiss a "sleeping'' juror where the judge observed the juror and did not believe him to be sleeping, but merely listening with his eyes closed).

(DE 14-5, p. 6.)  The Report correctly notes that the trial court sought to ensure that the juror could continue and was competent to make an informed decision about Petitioner's guilt or innocence. So the PCR Judge found Petitioner failed to show prejudice in allowing the juror to continue with the trial through deliberations.

As a result, Petitioner has not shown the State court's decision on LWOP, whether he ran over the victim twice, or the sleeping juror issue was contrary to or involved an unreasonable application of federal law or resulted in a decision based on an unreasonable determination of the facts presented.  Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 21) and incorporates it by reference as modified here.

It is, therefore, **ORDERED** that Respondents' Motion for Summary Judgment (DE 14, DE 15) is granted and Petitioner's Motion for a More Definite Statement (DE 19) and Petitioner's Motion for Hearing in Person or Appointment of Counsel (DE 20) are denied as moot.  Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                          Joseph Dawson, III
                                                          United States District Judge

Florence, South Carolina
October 6, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.